PRESIDENT, DIRECTORS, &c. OF THE CHICOPEE BANK *vs.*
MOSES E. EAGER

When a bank is the holder of a note made payable at its banking house, the indorser is bound by a notice of non-payment by the maker, given conformably to the established usage of the bank, though not conformably to the general law.

ASSUMPSIT on the money counts. At the trial in the court of common pleas, before *Merrick*, J. the plaintiffs offered in evi-

dence a note for $300, dated December 15th 1842, signed by Erastus R. Wood, payable to the defendant, or order, at the Chicopee Bank, in four months from date, and indorsed by the defendant. It appeared that this note was protested at the Chicopee Bank, on the 18th of March 1843, and that notice was sent to the defendant, through the mail, on the same day, directed to him at Cabotville ; that the defendant's home and place of business were at Cabotville, a village containing 3000 inhabitants, within the territorial limits of the town of Springfield, and situated between four and five miles from the village of Springfield, which is also within the same territorial limits, and in which the plaintiffs' banking house is situated, and in which the notary resided who protested said note ; that there is a post office in each of these villages, and that mails run daily between them, and also between Cabotville and Boston, New York and Albany ; and that it is the uniform custom of the banks and notaries in the village of Springfield to give notices in the manner in which the notice was given to the defendant in this case.

The judge, being of opinion that the notice given to the defendant was not sufficient, directed the jury to find a verdict for the defendant, which they did accordingly, and the plaintiffs alleged exceptions.

*Norton,* for the plaintiffs.   In *Peirce* v. *Pendar,* 5 Met. 356, there is an intimation of the court, that though a party, to whom notice is to be given, lives in the town where payment is to be made, yet if he live at a distinct village, where there is a separate post office, the notice may be sent to that office. See also Story on Notes, §§ 322, 323.  *Bank of Columbia* v. *Lawrence,* 1 Pet. 578.  *Ransom* v. *Mack,* 2 Hill's (N. Y.) Rep. 587.  *Sheldon* v. *Benham,* 4 Hill, 129.  *Cayuga County Bank* v. *Bennett,* 5 Hill, 236.

*W. G. Bates,* for the defendant.   The mode of giving notice, adopted in this case, is not warranted by any adjudication.   When a party lives in "the same town," notice to him through the post office is not sufficient.  *Eagle Bank* v. *Hathaway,* 5 Met. 215, and cases there cited.  *Smedes* v. *Bank*

*of Utica,* 20 Johns. 372. *Remer* v. *Downer,* 23 Wend. 620. *Shepard* v. *Hall,* 1 Connect. 329. *Hartford Bank* v. *Stedman,* 3 Connect. 489. Story on Bills, §§ 297, 382.

DEWEY, J. The defendant, being charged as an indorser of a promissory note payable, by its terms, at the Chicopee Bank, is bound by a notice conformable to the established usage of that bank. *Mills* v. *Bank of U. States,* 11 Wheat 431. The case stated shows that there was such a mode of giving notice established by usage, and that the notice in the present case was given conformably to it. Such being the case, it becomes unnecessary to consider the more novel point brought before us in the arguments of the counsel ; namely, whether notice by mail to an indorser residing in a distinct village, four miles distant, but within the same town, addressed to him through the post office of the village in which he resides, is a sufficient notice.

*New trial granted.*